UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07099-SVW-BFM | Date | January 23, 2026 |
|---|---|---|---|

| Title | *Sachiko Degruy v. Mercedes-Benz USA, LLC et al* |
|---|---|

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]

## I.    Introduction

Before the Court is a motion to remand, filed by Plaintiff Sachiko Degruy ("Degruy"), on September 30, 2025. Motion to Remand ("Mot."), ECF No. 11. For the following reasons, Plaintiff's motion is GRANTED.

## II.    Background

According to the Complaint, Plaintiff Degruy leased a 2022 Mercedes-Benz GLA250, VIN W1N4N4HB5NJ328170 (the "Subject Vehicle"), on February 25, 2022. Complaint ("Compl."), ECF No. 4-1 ¶ 5. The Subject Vehicle came with express written warranties, whereby Defendant Mercedes-Benz USA, LLC ("MBUSA") agreed to maintain utility of the vehicle or provide compensation for defects within the applicable warranty period. Id. ¶ 7. The Subject Vehicle *did* then manifest defects covered by the warranty during the warranty period, including defects related to: (1) the illumination of the Subject Vehicle's "Check Engine" warning light, (2) the Subject Vehicle's alarm system, (3) the Subject Vehicle's "Apple CarPlay" feature, and (4) fluid leakage. Id. ¶ 10. Plaintiff delivered the Subject Vehicle to

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07099-SVW-BFM | | Date | January 23, 2026 |
|---|---|---|---|---|
| Title | *Sachiko Degruy v. Mercedes-Benz USA, LLC et al* | | | |

Defendant for repair at least two times, but Defendant failed to repair the vehicle, replace the vehicle, or provide restitution to Plaintiffs. Id. ¶¶ 9, 11-12.

As a result, on June 20, 2025, Plaintiff filed suit in Superior Court of California, County of Los Angeles, alleging violations of the California Song-Beverly Act for breach of implied and express warranties. Id. ¶¶ 14-34. Plaintiff sought "replacement or restitution," "incidental damages," "consequential damages," "a civil penalty…not to exceed two times the amount of Plaintiff's actual damages," "attorneys' fees," "costs…and expenses," "the difference between the value of the [Subject Vehicle] as accepted and the value the [Subject Vehicle] would have had if it had been as warranted," "remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code," "pre-judgment interest," and "such other relief the Court deems appropriate." Id. at 9.

Defendant MBUSA removed this case to federal court on August 1, 2025, on the basis of diversity jurisdiction. Notice of Removal ("Rem."), ECF No. 4. Plaintiff responded on September 30, 2025, with the instant motion to remand. Mot. Defendant filed an opposition on October 20, 2025, and Plaintiffs replied on October 27, 2025. ECF Nos. 15, 17.

### III.    Legal Standard

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, 2021 WL 4438397, at *1 (S.D. Cal.) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may hear cases only as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07099-SVW-BFM | | Date | January 23, 2026 |
|---|---|---|---|---|
| Title | *Sachiko Degruy v. Mercedes-Benz USA, LLC et al* | | | |

or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 WL 4438397, at *2; 28 U.S.C. § 1332(a)–(a)(1).

Importantly, "'the burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.'" *Nieratko* 2021 WL 4438397, at *2 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). There is a strong presumption against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Gonzalez v. FCA US, LLC*, 2020 WL 1444941, at *1 (C.D. Cal.). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

## IV.   Discussion

### A.  Amount in Controversy

Defendant contends that the $75,000.01 amount in controversy requirement is satisfied by a combination of actual damages, civil penalties, and attorneys' fees. The Court addresses all three below.

#### i.   Actual Damages

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). This reduction, often called the "milage offset" is based on miles driven before the first attempted repair of the defect. The formula to calculate the mileage offset is as follows:

$$\frac{\text{\# of Miles Drive Between Purchase \& First Repair Attempt}}{120{,}000 \text{ Miles}} = \text{Use Offset Multiplier}$$

$$\begin{array}{l}\text{Purchase Price} \\ \text{x } \underline{\text{Use Offset Multiplier}} = \\ \text{Use Offset Deduction}\end{array} \rightarrow \begin{array}{l}\text{Purchase Price} \\ \text{- } \underline{\text{Use Offset Deduction}} = \\ \text{Restitution}\end{array}$$

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07099-SVW-BFM | Date | January 23, 2026 |
|---|---|---|---|

| Title | *Sachiko Degruy v. Mercedes-Benz USA, LLC et al* |
|---|---|

*Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 898 (S.D. Cal. 2021) (citing *Wickstrum v. FCA USA LLC*, 2021 WL 532257, at *1-2 n.2 (S.D. Cal.). When calculating actual damages for the purpose of determining the amount in controversy, the Court must include the statutory offset. *See D'Amico v. Ford Motor Co.,* 2020 WL 2614610, at *2-3 (C.D. Cal.) (collecting cases); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018).

Actual damages available in Song-Beverly cases should be reduced by additional statutorily provided offsets, including (1) the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff ... from third parties, except for optional purchases for dealer-supplied equipment or services;" (2) "negative equity incorporated in the transaction from prior vehicles;" (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate;" and (4) "unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." *Perez v. Gen. Motors LLC*, 2025 WL 3171905, at *2 (C.D. Cal.); Cal. Civ. Code § 871.27(b)–(d), (f); *see also id.* § 871.20 (indicating that § 871.27 applies to Song-Beverly claims).

Here, the Court has reviewed the Motor Vehicle Lease Agreement ("MVLA") for the Subject Vehicle. ECF No. 4-2. The MVLA reveals that the Subject Vehicle was leased according to an agreement, whereby Plaintiff paid an initial payment of $7,000 and was thereafter required to pay an additional $579.73, monthly, for 47 months, beginning March 27, 2022, followed by a "Vehicle Turn-In Fee," if Plaintiff chose not to purchase the vehicle at Lease End—until Plaintiff had paid a total of $34,852.31. As this Court addressed in a prior order in *Armando Escamilla Bastida v. Ford Motor Company et al.*, 5:25-cv-00751-SVW (June 6, 2025) (the "Bastida Order"), there is some ambiguity as to restitution plausibly sought in this type of case when the amount "payable" differs from the amount "paid." As in *Armando*, the Court finds that the proper estimate of restitution in this circumstance—where the Subject Vehicle's sales price has been only partially paid by Plaintiffs, but the total number of payments made have not been disclosed by either party—should be calculated by adding the value of Plaintiffs' down payment to the sum of every monthly payment made before the filing of the instant lawsuit. *See also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (holding that limiting a Song-Beverly

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07099-SVW-BFM | | Date | January 23, 2026 |
|---|---|---|---|---|

| Title | *Sachiko Degruy v. Mercedes-Benz USA, LLC et al* | | | |
|---|---|---|---|---|

plaintiff's recovery to payments actually made is consistent with the logic and purpose of the Act, consistent with the general principal of restitution, and consistent with comparable laws of other states). Accordingly, the Court calculates Plaintiffs' actual, restitutionary damages to be $29,609.47[1] before offsets are applied.

Furthermore, the Defendant, in attempting to remove the case to federal court has failed to provide Court with the relevant repair orders for the Subject Vehicle—documents that are required to establish the statutory "mileage offset." The Complaint itself does not allege the mileage at the time of the first relevant repair. See Compl. The Complaint *does,* however, allege a breach of an express warranty by Defendant to repair the Subject Vehicle up to 50,000 miles—therefore on its face, the Complaint clearly implies that the relevant mileage did not exceed 50,000 miles. Compl. ¶¶ 7, 28-30. Defendant has offered no evidence to indicate the relevant mileage is actually lower than this implied amount, and the Court is not in a position to speculate on this issue. *See* Rem.; Opposition, ECF No. 15. Therefore, considering that Defendant bears the burden of establishing jurisdiction and the strong presumption against removal, the Court assumes a statutory offset based on a presumed mileage of 50,000 miles.

Instead of offering an alternative figure for a mileage offset, Defendant MBUSA argues that the Song-Beverly Act "does not allow for a mileage offset" in claims for breach of implied warranty. Opp. at 7. The Court disagrees and finds instructive, *Abedi v. Mercedes-Benz USA, LLC,* 2009 WL 10672612 (C.D. Cal). In *Abedi*, Defendant MBUSA made the opposite contention as here—that an "implied warranty claim is not immune from a right of setoff to account for plaintiffs [*sic*] usage of the vehicle." (*Id.* at *5) (citing MBUSA's motion). The *Abedi* court agreed with MBUSA and found that "the equitable principle of an offset applies to the Song–Beverly Act as a whole." *Id.* (citing *Ibrahim v. Ford Motor Co.*, 214 Cal.App.3d 878 (1989)). The Court is persuaded by the reasoning in *Abedi* and concurs in the result. A mileage offset should therefore be included when calculating the amount in controversy here, even for Plaintiff's breach of implied warranty claim. In this case, applying the appropriate formula

---

[1] This total is the sum of $7,000 (the original downpayment) and $22,609.47 (the product of the $579.73 monthly payment and the 39 total payment dates between March 25, 2022, and the filing of the instant lawsuit on June 20, 2025).

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07099-SVW-BFM | Date | January 23, 2026 |
|---|---|---|---|

| Title | *Sachiko Degruy v. Mercedes-Benz USA, LLC et al* |
|---|---|

to the information presently before it, the Court calculates the proper mileage deduction to be $12,337.28.[2] Applying the deduction, the Court finds the adjusted restitutionary damages to be $17,279.19. There is no evidence to indicate that any additional offsets or considerations should apply.

        ii.        <u>Civil Penalties</u>

Damages under the Song-Beverly Act also may include a civil penalty of up to twice the amount of actual damages. Cal. Civ. Code §§ 1794(c), 1794(e). However, these civil penalties are available only when either: (1) the defendant's violation was willful, or (2) the violation related to a new vehicle, as per Cal Civ. Code § 1793.2(d)(2), and the manufacturer or representative defendant failed to maintain a qualified third-party dispute resolution process. Cal Civ. Code §§ 1794(c), 1794(e). Here, there is no indication that Defendant failed to maintain a qualified third-party dispute resolution process, so the analysis of whether civil penalties may be included in determining the amount in controversy turns on whether Plaintiffs have sufficiently alleged that Defendant's violation was willful.

In these cases, when a plaintiff's allegations of willful infringement are conclusory, district courts are split on whether civil penalties may be considered when determining the amount in controversy. *See Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *3 (E.D. Cal.) (collecting and comparing cases in Southern and Central Districts of California and stating "[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy").

To be sure, some courts have found civil damages to be properly included, even upon conclusory allegations. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual

---

[2] The total is the product of the use offset multiplier, which is .4167 (the quotient of the 50,000 miles presumably driven before the first relevant repair and the 120,000 base anticipated by the statute) and the actual restitutionary damages before the offset, previously calculated to be $29,609.47.

      :

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07099-SVW-BFM | Date | January 23, 2026 |
|---|---|---|---|

| Title | *Sachiko Degruy v. Mercedes-Benz USA, LLC et al* |
|---|---|

damages in the amount in controversy")*; see also Luna v. BMW of N. Am., LLC*, 2018 WL 2328365, at \*4 (S.D. Cal.) (including the maximum civil penalty in the amount in controversy); *see also  Lee v. FCA US, LLC*, 2016 WL 11516754, at \*2 (C.D. Cal.) (same).

However, other courts—likening civil penalties to comparable punitive damages—have been reluctant to include them in the amount in controversy calculation without additional evidence. *See Ronquillo v. BMW of N. Am., LLC, No.*, 2020 WL 6741317, at \*3-4 (S.D. Cal.) (holding that defendant had failed to establish that the amount in controversy should include a civil penalty when the complaint's request for a civil penalty was conclusory and defendant did not point to specific allegations justifying the appropriateness of civil penalties or analogizing to cases where such penalties were awarded); *see also Khachatryan v. BMW of N. Am., LLC*, 2021 WL 927266, at \*3 (C.D. Cal.) (finding "the defendant must make some effort to justify the assumption [that civil damages be included in the amount in controversy] by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty" and citing *Zawaideh v. BMW of North America*, 2018 WL 1805103, at \*2 (S.D. Cal.)); *see also Savall v. FCA US LLC*, 2021 WL 1661051, at \*3 (S.D. Cal.) (finding defendant had not met its burden to establish maximum available civil penalties should be added to the amount  in controversy where the complaint alleged the violation was willful because defendant, with knowledge of its inability to repair the vehicle, failed to provide redress to plaintiff, and opining, "[i]f such boilerplate allegations were sufficient to defeat remand, then virtually any Song-Beverley action involving a new vehicle purchase would remain in federal court").

As was already clarified in the Bastida Order, this Court finds the latter approach more persuasive. Defendant bears the burden of establishing removal jurisdiction by a preponderance of the evidence. *Garrett v. Mercedez-Benz USA, LLC*, 2023 WL 2813564 (C.D. Cal.) (citing *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018)). Gesturing to a bare request by Plaintiffs for civil penalties, with only a conclusory allegation of willfulness, absent facts making willfulness plausible—falls short of that standard. Furthermore, allowing such minimal allegations to support removal would run counter to the strong presumption that must exist *against* removal jurisdiction.

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07099-SVW-BFM | Date | January 23, 2026 |
|---|---|---|---|

| Title | *Sachiko Degruy v. Mercedes-Benz USA, LLC et al* |
|---|---|

Here, the Degruy's request for civil penalties is supported by only conclusory allegations of willfulness. Compl. ¶ 20 ("Defendants, and each of them, knew of their obligations under the Song-Beverly Act; however, despite Plaintiffs demand, Defendants and each of them, have intentionally failed and refused to make restitution or replacement pursuant to the Song-Beverly Act"); *see also* Compl. ¶ 30 (functionally alleging same). Defendant has provided no additional evidence to the Court to establish that any definite amount of civil penalties would be appropriate in this case. Therefore, the Court does not consider Song-Beverly Act civil penalties when calculating the amount in controversy.

### iii.    Attorneys' Fees

Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). Under the Song-Beverly Act, in particular, "if the buyer establishes a violation under Cal. Civ. Code §§ 1763.2(d)(2) or 1764, he "shall" recover reasonable attorneys' fees. Cal. Civ. Code §§ 1764(d)-(e)(1). Accordingly, attorneys' fees may be included in the calculation of the amount-in-controversy under Song-Beverly claims.

Here, there is no compelling evidence submitted by either party to support a definite calculation of reasonable attorneys' fees at the time of removal.[3] Defendant has requested the Court take judicial notice of motions and orders in several other cases in which attorneys' fees were ordered. ECF Nos. 16-1, 16-2, 16-3, 16-4, 16-5, 16-6, 16-7, 16-8, 16-9, 16-10, 16-11, 16-12, 16-13, 16-14, 16-15, 16-16, 16-17, 16-18. The Court has reviewed each of these materials and determined that any comparison to final figures in those cases would be purely speculative because each was calculated at the end of the case ending in

---

[3] For purposes of remand, the Court must consider the amount in controversy "at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). This includes attorneys' fees. *See Charles Ct. Const., Inc. v. Scott,* 2010 WL 3328266, at *2 (D. Ariz.) ("the amount in controversy is determined as of the date of removal… the same goes for the estimate of future attorneys' fees, which are entirely speculative, may be avoided, and are therefore not "in controversy" at the time of removal") (citations omitted).

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07099-SVW-BFM | | Date | January 23, 2026 |
|---|---|---|---|---|
| Title | *Sachiko Degruy v. Mercedes-Benz USA, LLC et al* | | | |

settlement or verdict, which followed its own unique course and required differing numbers of hours. Defendant has not offered compelling evidence as to why the hourly requirements under the particular facts of the case at bar should be comparable to the cases submitted. Nor has Defendant shown by a preponderance of the evidence that this case will procedurally resemble the cases submitted. Moreover, none of the cases cited calculated the hours at the time of removal, which is the relevant figure here.

It is not presently necessary for the Court to determine what non-speculative attorneys' fees may be reasonably said to have accumulated as of the date of removal. It is sufficient to say that to reach the amount in controversy requirement, attorneys' fees would need to amount to $57,730.82. At a rate of $500 per hour—on the high end of those Defendant proposes to compare the instant case, this would require over 115 hours, which would be an unreasonable amount to expend at this stage in litigation.[4]

Therefore, the Court finds that Defendant has met its burden of showing that reasonable, non-speculative attorneys' fees will bring the amount in controversy over the required threshold to allow this Court to exercise diversity jurisdiction over the action.

## B. Diversity of Citizenship

Having determined that Defendant has not met its burden of establishing an amount in controversy sufficient to allow diversity jurisdiction, the Court need not address diversity of citizenship.

## V.    Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED. Accordingly, this case is REMANDED to the California Superior Court, County of Los Angeles for further proceedings.

**IT IS SO ORDERED.**

---

[4] It may be noted that even if Defendant were correct that the implied warranty claim does not allow a statutory offset, *see supra* IV.a.i, over 90 hours of work would still be required for attorneys' fees to bring total damages above $75,000.

:

| Initials of Preparer | DTA |
|---|---|